```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NEW HAMPSHIRE
```

Aniano Torres-Mendez

    v.                                          Civil No. 09-cv-00214-SM

Richard M. Gerry, Warden,
New Hampshire State Prison

### REPORT AND RECOMMENDATION

Before the court is pro se petitioner Aniano Torres-Mendez's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

### Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review. In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  The court must accept as true the plaintiff's factual assertions, Erickson, 551 U.S. at 94, and any inferences reasonably drawn from them.  See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005).  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

In 2007, Torres-Mendez was convicted of one count of arson under N.H. Rev. Stat. Ann. ("RSA") § 634:1, following a jury trial.  During the trial, Torres-Mendez moved for a directed verdict based on the insufficiency of evidence on the identity of the perpetrator.  The motion was denied, and the jury convicted

Torres-Mendez.

Torres-Mendez appealed his conviction, arguing that the trial court erred in denying his motion for a directed verdict. Citing only state court decisions, the New Hampshire Supreme Court ("NHSC") affirmed the denial of the motion and upheld the conviction, concluding that the identification evidence, while purely circumstantial, was sufficient under the relevant standards. See State v. Torres-Mendez, No. 2008-0552 (N.H. May 14, 2009). Specifically, the court evaluated whether the evidence excluded all rational conclusions except guilt, and whether Torres-Mendez had carried the burden of establishing that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. Id., slip op. at 1-2.

Torres-Mendez thereafter filed this petition for habeas corpus under 28 U.S.C. § 2254, challenging the sufficiency of the evidence. Torres-Mendez's federal claims are that his conviction is invalid under the Due Process Clause of the Fourteenth Amendment because the identification evidence was insufficient, and that the invalid conviction is causing him to suffer a sentence that violates the Eighth Amendment's prohibition against

cruel and unusual punishment.

## Discussion

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Torres-Mendez's two federal claims are based on the Eighth and Fourteenth Amendments.

I.   Eighth Amendment Claim

The Supreme Court has stated that the "Cruel and Unusual Punishments Clause circumscribes the criminal process in three ways":  (1) "it limits the kinds of punishment that can be imposed on those convicted of crimes"; (2) "it proscribes punishment grossly disproportionate to the severity of the crime"; and (3) "it imposes substantive limits on what can be made criminal and punished as such."  Ingraham v. Wright, 430 U.S. 651, 667 (1976) (citations omitted).

Torres-Mendez cites the Eighth Amendment for the broad purpose of arguing that his sentence is cruel and unusual because it is not based on a valid conviction.  He does not cite the Eighth Amendment for any of the purposes recognized by the

4

Supreme Court in Ingraham, supra, that might be separable from his due process claim. The Eighth Amendment claim should therefore be dismissed because it does not provide a separate basis for granting relief in this action.

II. Due Process Claim and Exhaustion

To be eligible for habeas relief on his due process claim, Torres-Mendez must show: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). While Torres-Mendez's imprisonment plainly satisfies the custody requirement, the exhaustion requirement remains at issue.

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been

alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).  A habeas petitioner may fairly present a claim by doing any of the following:  "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'"  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (simply reciting facts underlying state claim, which might support either state or federal claim, is inadequate to constitute fair presentation of federal claim to state court).  In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law.  See Nadworny v. Fair, 872 F.3d 1093, 1099–1102 (1st Cir. 1989).  The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the

state court to the federal aspect of the claim.  See id. at 1100.

The record before me on exhaustion includes only the NHSC decision on Torres-Mendez's appeal, which cites only state court decisions that do not turn on any question of federal law.  I conclude that Torres-Mendez has not carried his burden of demonstrating exhaustion at this time.

As indicated in the Order filed simultaneously with this Report and Recommendation, Torres-Mendez must amend his petition to state facts sufficient to demonstrate that the state courts were alerted to the federal nature of the due process claim.  He may do this, for example, by attaching copies of any briefs or other documents filed in the state courts that cite pertinent federal cases, refer to the Fourteenth Amendment, cite federal due process requirements, or otherwise characterize his sufficiency of the evidence claim in a manner likely to have alerted the state courts to the federal aspect of his claim.

## Conclusion

Torres-Mendez's Eighth Amendment claim should be dismissed for the reasons stated above.  Torres-Mendez's claim challenging the sufficiency of the evidence under the Fourteenth Amendment Due Process Clause may not proceed until he demonstrates that the

exhaustion requirement has been satisfied.  I will direct, in my Order issued on this date, that Torres-Mendez provide this Court with evidence that he has exhausted his federal due process claim, or that he move to stay this action while he exhausts the claim in the state courts.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition.  If Torres-Mendez disagrees with the identification of the claims herein, he must do so by filing an objection within ten (10) days of receipt of this Report and Recommendation, or by properly moving to amend the petition.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

8

```
Date:      July 29, 2009

cc:        Aniano Torres-Mendez, pro se
```

```
JRM:nmd
```