**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Aniano Torres-Mendez

    v.                                                           Civil No. 09-cv-00214-SM

Richard M. Gerry, Warden,
New Hampshire State Prison

**O R D E R**

      Habeas petitioner, Aniano Torres-Mendez, has provided this Court with status reports (doc. nos. 9 & 10) in response to two Orders (doc. nos. 6 & 8) in this case directing him to exhaust his state court remedies. Torres-Mendez's petition, filed under 28 U.S.C. § 2254, includes one federal constitutional claim, arising under the Fourteenth Amendment Due Process Clause, challenging the validity of his conviction on the sufficiency of the evidence. In the Order issued on July 30, 2009, Torres-Mendez was directed to augment the record by filing a copy of documents filed in state court that would show that the due process claim was exhausted. Torres-Mendez subsequently filed a copy of his brief before the New Hampshire Supreme Court raising the insufficiency of the evidence claim. See Ex. 3 to Mot. to Amend and to Stay (doc. no. 7). Torres-Mendez's section 2254 petition is currently stayed, and he has been ordered to file

periodic status reports, because in his motion for a stay (doc. no. 7), Torres-Mendez stated that he intended to challenge his conviction in state court with a new claim that he received ineffective assistance of trial and appellate counsel, in violation of the Sixth Amendment.

As to whether the due process claim is exhausted, the record before me demonstrates that the New Hampshire Supreme Court evaluated his sufficiency of the evidence claim using a standard set forth in State v. Goupil, 154 N.H. 208, 224, 908 A.2d 1256, 1270 (2006), that is virtually identical to that set forth in federal cases for evaluating the same claim under the due process clause. See Mulnix v. Sec'y for Dep't of Corrs., 254 Fed. Appx. 763, 764-65 (11th Cir. 2007) (finding that federal due process claim was exhausted when Florida state courts reviewed sufficiency of evidence claim using standard that is identical to that set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also Nadworny v. Fair, 872 F.3d 1093, 1099-1100 (1st Cir. 1989) (exhaustion may be found if state and federal claims are practically indistinguishable). Accordingly, I find that Torres-Mendez has demonstrated that the due process claim in the petition is exhausted.

As to any pending challenges to his conviction in state court, Torres-Mendez has not shown whether he is currently litigating a Sixth Amendment ineffective assistance of counsel claim in state court, intends to raise such a claim, or has decided not to raise such a claim in state or federal court. Because I cannot discern from the information provided to this Court whether Torres-Mendez has filed, or still intends to file a Sixth Amendment claim, his section 2254 petition will remain stayed subject to the following conditions:

(1) Torres-Mendez shall notify this Court, within 30 days of the date of this Order, whether he intends to amend his petition to add a Sixth Amendment ineffective assistance of counsel claim, or whether he intends to forego the claim[1];

(2) Torres-Mendez shall file a Sixth Amendment claim in state court, within 30 days of the date of this Order, if he still intends to add the claim to his section 2254 petition. Torres-Mendez should thereafter take the steps necessary to exhaust his state court remedies on the claim by ensuring that he raises it as a Sixth Amendment claim in the New Hampshire Supreme

---

[1] Torres-Mendez should note that choosing to forego the unexhausted Sixth Amendment claim risks losing the chance to file it in a future habeas petition, due to the prohibition against second or successive habeas petitions under 28 U.S.C. § 2244(b).

Court.

    (3) While this section 2254 petition is stayed, Torres-Mendez must notify this Court of the status of any pending state court post-conviction proceedings every 90 days.

    (4) Once the New Hampshire Supreme Court has issued a decision on the Sixth Amendment claim, Torres-Mendez must so notify this Court within 30 days of that decision.  At that time, Torres-Mendez must file a motion to lift the stay in this case and provide this Court with complete copies of documents filed in the state courts demonstrating that the Sixth Amendment claim was exhausted in the New Hampshire Supreme Court.

    **SO ORDERED.**

                                              James R. Muirhead
                                              United States Magistrate Judge

Date: October 16, 2009

cc:  Aniano Torres-Mendez, pro se

JRM:nmd