UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Aniano Torres-Mendez

    v.                                          Civil No. 09-cv-214-SM

Richard M. Gerry, Warden,
New Hampshire State Prison

**O R D E R**

In an informational filing (doc. no. 13), habeas petitioner Aniano Torres-Mendez has claimed that the Superior Court Sentence Review Division unfairly increased the length of his sentence at a late date. I construe this filing as adding a new claim in Torres-Mendez's petition filed under 28 U.S.C. § 2254: by sentencing him to a longer term of imprisonment, more than two and a half years after he began to serve his original sentence, the Sentence Review Division violated his right to due process under the Fourteenth Amendment.

The petition is presently stayed to give Torres-Mendez an opportunity to litigate a claim that he was denied his Sixth Amendment right to effective assistance of counsel in the state courts. The petition presently includes one additional claim, that Torres-Mendez's conviction was not supported by sufficient evidence, in violation of his right to due process under the

Fourteenth Amendment.

    A petitioner like Torres-Mendez, seeking habeas corpus relief under 28 U.S.C. § 2254, must demonstrate, among other things, that he has exhausted any available and effective state court remedies as to all claims asserted in his petition.  <u>See</u> 28 U.S.C. § 2254(b).  Mixed petitions that contain both exhausted and unexhausted claims are subject to dismissal.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 278-79 (2005).  Alternatively, a petitioner like Torres-Mendez has the option to notify the federal court that he wants to drop an unexhausted claim, although choosing to drop claims from a habeas petition risks losing the chance to refile them later.  <u>See</u> 28 U.S.C. § 2244(b) (claims presented in second or successive habeas petitions are generally dismissed).

    A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims.  <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988).  Here, Torres-Mendez has apparently not sought review of his new sentence in the New Hampshire Supreme Court, which has jurisdiction to review decisions of the Sentence Review Division. <u>See</u> <u>Bell v. Super. Ct. Sentence Review Div.</u>, 117 N.H. 474, 475, 374 A.2d 659, 660 (1977).  Nor has he raised the federal due

process claim in any state habeas proceeding in Superior Court, which might culminate in a New Hampshire Supreme Court appeal. Accordingly, Torres-Mendez's federal claim challenging his new sentence has not been exhausted in the state courts.

Torres-Mendez's petition is presently stayed to provide him with an opportunity to exhaust his Sixth Amendment claim in the state courts.  Specifically, Torres-Mendez was directed to file his Sixth Amendment claim in state court, or to notify this Court if he intended to forego the unexhausted claim by dropping it from his federal habeas petition.  See Order (doc. no. 11). Torres-Mendez was ordered to file status reports every 90 days, to demonstrate that he is seeking to exhaust his state court remedies on his Sixth Amendment claim.  The Court subsequently granted his motion for additional time to file a Sixth Amendment claim, see Endorsed Ord. on Mot. to Extend Time (doc. no. 12), but the status reports before me do not indicate whether he has filed the claim in state court as directed.

## Conclusion

To ensure that Torres-Mendez does not neglect his duty to exhaust his ineffective assistance of counsel claim, and to provide him with an opportunity to exhaust his new federal due

process claim, the section 2254 petition will remain stayed, subject to the following conditions:

    1.   Torres-Mendez shall have thirty (30) days from the date of this Order to file actions in state court raising his Sixth Amendment ineffective assistance of counsel claim and his Fourteenth Amendment due process challenge to the new, longer sentence.

    2.   While this section 2254 petition is stayed, every ninety (90) days Torres-Mendez shall file a notice in this Court regarding the status of his state court actions on his Sixth Amendment ineffective assistance of counsel claim and his Fourteenth Amendment due process challenge to the longer sentence.  These reports shall list all pleadings, motions, notices, or orders filed in state court within the last 90 days, relating to either claim.

    3.   Once the New Hampshire Supreme Court issues a decision on either claim, Torres-Mendez shall notify this Court within 30 days of that decision.  At that time, Torres-Mendez shall provide this Court with complete copies of documents filed in the state courts demonstrating exhaustion.  After the New Hampshire Supreme Court has issued a decision on both claims, or whenever Torres-

Mendez notifies this Court that he intends to drop his unexhausted claims from his § 2254 petition, Torres-Mendez may file a motion in this Court to lift the stay.

Should Torres-Mendez fail to show that he is litigating actions in state court raising his Sixth Amendment and Fourteenth Amendment claims, or otherwise fail to comply with this Order, the petition may be dismissed without prejudice for failure to demonstrate exhaustion. See 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 11, 2009

cc:  Aniano Torres-Mendez, pro se

JRM:nmd