**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Aniano Torres-Mendez

    v.                                                              Civil No. 09-cv-00214-SM

Richard M. Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the court is pro se petitioner Aniano Torres-Mendez's motion to lift the stay (doc. no. 34) in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  Also pending are Torres-Mendez's motion for appointment of counsel (doc. no. 35) and (second) motion to proceed in forma pauperis (doc. no. 22).

The court ordered a stay of the petition to provide Torres-Mendez an opportunity to exhaust his state court remedies as to the claims asserted in the section 2254 petition.  The petition included federal claims that Torres-Mendez had not previously raised in the New Hampshire Supreme Court, concerning the assistance of trial and appellate counsel, and the Sentence Review Division's increasing the maximum length of his sentence of imprisonment, pursuant to N.H. Rev. Stat. Ann. ("RSA") § 651:58 (defendant or state may appeal sentence to superior court Sentence Review Division, which may alter length of original sentence).

Torres-Mendez's original section 2254 petition also includes a federal due process claim challenging the sufficiency of the evidence supporting his conviction.  See Report and Recommendation (July 29, 2009) (doc. no. 5).  Torres-Mendez previously demonstrated to this court that he had exhausted that federal due process claim.  See Order (Oct. 16, 2009) (doc. no. 11).  Therefore, Torres-Mendez's petition was properly termed a "mixed petition," stayed pending the exhaustion of the unexhausted federal claims.  See Endorsed Order (Aug. 31, 2009) (granting motion to stay).

A.   Exhaustion

Torres-Mendez has notified the court that he intends to forego his Sixth Amendment claim of ineffective assistance of counsel.  See Notice (doc. no. 32).  Accordingly, I construe the petition as no longer including a Sixth Amendment claim.

In his motion to lift the stay (doc. no. 34), Torres-Mendez provided evidence that he has recently exhausted two federal claims regarding the Sentence Review Division's decision.  Torres-Mendez's petition for original jurisdiction filed in the New Hampshire Supreme Court included a federal due process claim, asserting that the Sentence Review Division deprived him of liberty without due process of law, and a federal double jeopardy claim, asserting that the

State's appeal of his sentence and the Sentence Review Division's increasing his sentence maximum violated his federal constitutional right against double jeopardy. See Ex. 4 to Mot. to Lift Stay (doc. no. 34-4). Therefore, Torres-Mendez has demonstrated that the due process and double jeopardy claims relating to his sentence are exhausted.[1] As all federal claims in the section 2254 petition are now exhausted, the petition may proceed at this time.

B.  In Forma Pauperis

On July 1, 2009, this court granted Torres-Mendez in forma pauperis status in this action, for the purpose of waiving the filing fee. See Endorsed Order (July 1, 2009) (granting motion to proceed in forma pauperis (doc. no. 2)). Torres-Mendez filed a second motion to proceed in forma pauperis (doc. no. 22) thereafter. As this court previously granted petitioner the relief requested, the second motion to proceed in forma pauperis is denied as redundant.

---

[1] In finding the claims relating to his sentence to be exhausted, I express no opinion at this time regarding their merits. Similar challenges have failed, where the prosecutor's appeal of a sentence pursuant to a statutory right to appeal resulted in a longer sentence for the defendant. See, e.g., In re Guardarramos-Cepeda, 154 N.H. 7, 11-13, 904 A.2d 609, 612-14 (2006) (sentence increased by Sentence Review Division, upon state's appeal, did not violate due process or double jeopardy provisions of state constitution (citing, inter alia, United States v. DiFrancesco, 449 U.S. 117, 136-39 (1980) (prosecutor's appeal of sentence for "dangerous special offender" did not violate double jeopardy clause where federal statute provided for such sentence review)).

C.  <u>Service</u>

The petition shall be served upon Richard M. Gerry, Warden of the New Hampshire State Prison, who shall file an answer or other pleading in response to the allegations made therein.  <u>See</u> Rule 4 of Rules Governing Section 2254 Cases (hereinafter § 2254 Rules) (requiring reviewing judge to order a response to the petition).  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, copies of:  this Order; the October 16, 2009, Order (doc. no. 11) (noting exhaustion of sufficiency of evidence claim); the September 9, 2009, Order (doc. no. 8) (accepting Report and Recommendation); the July 29, 2009, Report and Recommendation (doc. no. 5) (recommending dismissal of Eighth Amendment claim); and the original habeas petition (doc. no. 1).

The Warden shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorney(s).

D.  Counsel

"Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. § 2254]." 18 U.S.C. § 3006A(a)(2)(B). There is no absolute constitutional right to free legal representation in a civil case. See Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988); see also Scoggins v. MacEachern, 2010 WL 3169416, at *1 (Aug. 10, 2010) (no constitutional right to counsel in section 2254 petition). Appointment of counsel is generally left to the discretion of the court. See Swazo v. Wyoming Dep't of Corrs., 23 F.3d 332, 333 (10th Cir. 1994). "The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." Scoggins, 2010 WL 3169416, at *1 (citing cases including United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993)); cf.

Swazo, 23 F.3d at 333 (appointment of counsel is mandatory under § 2254 Rule 8(c) when evidentiary hearing is required).

Torres-Mendez has demonstrated his financial eligibility for the appointment of counsel. He asserts that his limited English proficiency, the complexity of his claims, and his need for discovery and a hearing warrant the appointment of counsel. Torres-Mendez has demonstrated sufficient proficiency with written English to be able to communicate effectively with this court to date. The claims at issue, while not simple, may not require substantial discovery or a hearing. The respondent has not yet appeared. I conclude, therefore, that the interests of justice do not require an appointment of counsel at this stage of the case.[2] Torres-Mendez may renew his motion for appointment of counsel if circumstances change, and an appointment of counsel becomes warranted.

## Conclusion

The motion to lift the stay (doc. no. 34) is granted. The motion to proceed in forma pauperis (doc. no. 22) is denied as redundant. The motion for appointment of counsel (doc. no. 35) is denied without

---

[2] I note that Torres-Mendez contacted the New Hampshire Bar Association's Lawyer Referral Service, in connection with his case, and was referred to Attorney Lawrence Vogelman. See Ex. 11 to Mot. to Lift Stay (doc. no. 34-11). Vogelman's decision on accepting or declining the case is not part of the record.

prejudice to renew if circumstances change.  The petition shall be served on the Warden, and the Warden shall file a response, as directed above.

    **SO ORDERED.**

                                                _____
                                                Landya B. McCafferty
                                                United States Magistrate Judge

Date: September 29, 2010

cc:   Aniano Torres-Mendez, pro se

LBM:nmd